**Zuhair Thomas ASMAR, Plaintiff,**

v.

**William Thomas KEILMAN, West Bloomfield Township Police Department, a Governmental Entity, Dave Alan Dempsey and Scott Terry Johnson, Jointly and Severally, Defendants.**

**No. 90–CV–72486–DT.**

United States District Court, E.D. Michigan, S.D.

Feb. 21, 1991.

Elbert L. Hatchett, Hatchett, Dewalt, Hatchett & Hall, Pontiac, Mich., for plaintiff.

T. Joseph Seward, Cummings, McClorey, Davis & Acho, P.C., Livonia, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

On August 17, 1990, plaintiff, Zuhair Thomas Asmar, filed his complaint in this action. Plaintiff alleges that defendants, Officer William Keilman, West Bloomfield Township Police Department and process servers Dave Dempsey and Scott Johnson, conspired in violation of 42 U.S.C. § 1985(3) and § 1986 to deprive plaintiff of his civil rights guaranteed under the Fourth, Fifth and Fourteenth Amendments and the U.S. Constitution. On October 10, 1990 defendants West Bloomfield Township Police Department and Officer Keilman filed a motion to dismiss and/or for summary judgment.[1] Plaintiff's response brief was filed on November 14, 1990 and defendants, West Bloomfield Township Police Department and Officer Keilman's reply brief was filed on November 20, 1990. Oral arguments were held on November 21, 1990.

## BACKGROUND FACTS

On August 19, 1988, at about 11:30 p.m., Officer Keilman was dispatched by the West Bloomfield township police department to observe process servers Johnson and Dempsey observe Johnson and Dempsey's attempt to serve process on plaintiff. Keilman, Johnson and Dempsey arrived at plaintiff's premises and Keilman watched as process servers Johnson and Dempsey disguised themselves as pizza deliverymen in order to facilitate their service of process on plaintiff. Johnson and Dempsey attempted to serve process, however, plaintiff was not at home. At that time Officer Keilman left the scene and had no further contact with Johnson and Dempsey. Process servers Johnson and Dempsey remained at plaintiff's residence and waited in the bushes for plaintiff's return. When plaintiff arrived home Johnson and Dempsey jumped from the bushes in order to serve process. Plaintiff, apparently startled at the two men approaching him, drew his weapon and shot Johnson. The present action concerns whether defendants Keilman, the West Bloomfield Township Police Department, Johnson and Dempsey, by the methods in which Johnson and Dempsey attempted to serve process on plaintiff, conspired to violate plaintiff's civil rights because he is of Arabic descent.

---

**1.** No motion or response has been filed by defendants Dempsey and Johnson, and to date they have taken no part in this action.

ANALYSIS

In *Conklin v. Lovely*, 834 F.2d 543, 547 (1987) the Sixth Circuit addressed claims under 42 U.S.C. § 1985(3). Which states in relevant part:

If two or more persons in any State or Territory conspire ... for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges in immunities under the law; ... [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any rights or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. *Id.* at 548.

In *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), the Supreme Court held that four elements must be proved by a plaintiff to succeed under a § 1985(3) claim. These are:

(1) A conspiracy; (2) for purposes of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an action in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Id.* at 828–29, 103 S.Ct. at 3356. (construing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

■ In the present action plaintiff asserts that the manner and method in which defendants served process and/or conspired to serve process violated his Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution. In order for plaintiff to maintain an action under 1985(3) for violations of his Fourth, Fifth and Fourteenth Amendment rights,

the plaintiff must demonstrate state action. *See, United Bhd. of Carpenters, Local 610 v. Scott, supra, Conklin v. Lovely, supra* and 6 Fed.Proc. § 11:305 (1989). Cf., *Griffin v. Breckenridge, supra*.

■ In the present case the only involvement by defendants West Bloomfield Township Police Department and Officer Keilman, was a dispatch by the police department to Officer Keilman to meet process servers Johnson and Dempsey prior to their attempt to serve process, and to observe their efforts to effect service of such process. Officer Keilman followed Johnson and Dempsey to plaintiff's residence and observed their actions as they attempted to serve process. After Johnson and Dempsey's initial attempt to serve process failed, Officer Keilman left the premises and continued on with his official duties. Officer Keilman was not present during the subsequent attempt by Johnson and Dempsey to serve plaintiff with process.

In *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), the Supreme Court addressed state actions. The Court stated:

Second, although the factual setting of each case will be significant, our precedents indicate that a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 [98 S.Ct. 1729, 56 L.Ed.2d 185] (1978), *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 [95 S.Ct. 449, 42 L.Ed.2d 477] (1974), *Moose Lodge No. 107 v. Irvis*, 407 U.S. [163, 92 S.Ct. 1965, 32 L.Ed.2d 627] (1972), *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 [90 S.Ct. 1598, 26 L.Ed.2d 142] (1970). *Mere approval or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment. See, Flagg Bros., supra*, 436 U.S. at 164–165 [98 S.Ct. at 1737–38], *Jackson v. Metropolitan Edison Co., supra*, 419

U.S. at 357 [95 S.Ct. at 456]. (Emphasis added).

 In the case *sub judice*, it appears that any action taken by defendants West Bloomfield Township Police Department and Officer Keilman amounted to a "mere approval of or acquiescence in the initiatives of" the manner and method in which the private parties, Johnson and Dempsey, attempted to serve process on plaintiff. The actions of the West Bloomfield Township Police Department and Officer Keilman were not overt or coercive as required by the Fourteenth Amendment, in order to establish state action. *See, Blum, supra.* Accordingly, this court finds no state action was involved in plaintiff's 42 U.S.C. § 1985(3) claim and plaintiff's action must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Furthermore, plaintiff's 42 U.S.C. § 1986 claim also fails because without a violation of § 1985 there can be no violation of § 1986. In *Browder v. Pipton*, 630 F.2d 1149 (1980), the Sixth Circuit Court of Appeals stated:

> Section 1986 is designed to punish those who aid and abet violations of § 1985. We find no violation of § 1985. Accordingly, there can be no violation of § 1986. *Id.* at 1155.

Therefore, plaintiff's § 1986 claim must also be dismissed.

For the reasons set forth above it is not necessary for the court to address plaintiff's request to amend its complaint to name the Township of West Bloomfield as a proper party defendant.

ACCORDINGLY, IT IS HEREBY ORDERED that defendants' motion for dismissal is GRANTED as to all defendants; and

IT IS FURTHER ORDERED that defendants' request for sanctions under Rule 11 of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED.